*ELECTRONICALLY FILED*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. _____

JOEL D. NASELROAD                                                                    PLAINTIFF


v.

DENNIS MABRY, Individually and in his
official capacity as a police officer of the
Kentucky State Police;
MARK CRAYCRAFT, Individually and in
his official capacity as a police officer of
Clark County Sheriff's Department and/or
Kentucky State Police; JOHN JUSTIN
GURLEY, Individually and in his official
capacity as a police officer of Clark County
Sheriff's Department; and ROBERT
PUCKETT, Individually and in his official
capacity as a police officer of the Paris Police
Department and/or Kentucky State Police;
BERL PURDUE, Individually and in his
official capacity as the Clark County Sheriff;
KENTUCKY STATE POLICE; CITY OF
PARIS, KENTUCKY; and CLARK
COUNTY, KENTUCKY

                                                                                    DEFENDANTS


## **COMPLAINT**

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

### **Introduction**

1.      Plaintiff, Joel D. Naselroad, brings this action against the defendant police officers and

their respective employers for damages arising out of an assault and battery, other unconstitutional

policies and actions, state and common law claims of emotional distress, assault and battery, and

intentional infliction of emotional distress, all arising from the assault and battery upon Plaintiff

by Defendant, Dennis Mabry (hereinafter "Mabry"), on or about October 8, 2013, acting in conjunction and conspiracy with Defendants, Mark Craycraft (hereinafter "Craycraft"), John Justin Gurley (hereinafter "Gurley") and Robert Puckett (hereinafter "Puckett"), as well as other allegations herein stated.

## Jurisdiction

2.   Plaintiff brings this action against Defendants to redress the deprivation of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. 1983, and the common law.

3.   Plaintiff is a citizen of Clark County in the Commonwealth of Kentucky and resides within the Eastern District of Kentucky of the United States District Court.

4.   Each Defendant is, upon information and belief, a resident of the Commonwealth of Kentucky and residing within the Eastern District of the United States District Court.

5.   Defendant, Kentucky State Police is, and at all times mentioned was, a Kentucky State agency existing by virtue of the laws of the Commonwealth of Kentucky.

6.   Defendant, Clark County, Kentucky, is a governmental entity and political subdivision of the Commonwealth of Kentucky operating the Clark County Sheriff's Department;

7.   Defendant, Berl Purdue, is the Sheriff of Clark County, Kentucky. As such, he is liable for the actions of deputies under his command. KRS § 70.040.

8.   Defendant, City of Paris, Kentucky, is a governmental entity and a political subdivision of Bourbon County, Kentucky, which is itself a political subdivision of the Commonwealth of Kentucky and which operates the Paris Police Department.

9.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343(a)(3) and 42 U.S.C. 1983.

10.   Plaintiff also invokes the supplemental jurisdiction of this Court over his state claims against Defendants for common law violations pursuant to 28 U.S.C. 1367 as the common law claims form part of the same case or controversy.

11.   Venue is proper in this District pursuant to 28 U.S.C. 1391 as the cause of action occurred in this District.

**Parties**

12.   Defendant Kentucky State Police is a law enforcement agency acting for and on behalf of the Commonwealth of Kentucky pursuant to the laws of the Commonwealth of Kentucky.

13.   Defendant, City of Paris, Kentucky, is a governmental entity operating within Bourbon County, Kentucky which operates the Paris Police Department.

14.   Defendant, Clark County, Kentucky, is a governmental entity and political subdivision of the Commonwealth of Kentucky which operates the Clark County Sheriff's Department.

15.   Defendant Purdue, is sued in both his individual and official capacities as Clark County Sheriff.

16.   Defendant Mabry is sued both individually and in his official capacity as a police officer employed by Kentucky State Police.

17.   Defendant Mabry was acting as a police officer under color of state law and in the course and scope of his employment for Kentucky State Police at all times herein mentioned.

18.   Defendant Craycraft is sued both individually and in his official capacity as a police officer of Clark County Sheriff's Department operated by Defendant, Clark County, Kentucky, and also in his individual and official capacity as a special duty task force officer with the Kentucky

3

State Police.

19.   Defendant Craycraft was acting as a police officer under color of state law and in the course and scope of his employment for Clark County, Kentucky as a law enforcement officer of the Clark County Sheriff's Department and/or Kentucky State Police at all times herein mentioned.

20.   Defendant Gurley was acting as a police officer under color of state law and in the course and scope of his employment for Clark County, Kentucky as an officer of the Clark County Sheriff's Department at all times herein mentioned.

21.   Defendant Puckett was acting as a police officer under color of state law and in the course and scope of his employment for Defendant City of Paris, Kentucky, which operates the Paris Police Department, and/or acting as a special task force officer with Kentucky State Police at all times herein mentioned.

22.   At the time of the alleged incident and at all times pertinent hereto Defendants acted under color of law, of a statute, ordinance, regulation, custom or usage.

**Facts**

23.   On October 8, 2013, at approximately 11:00 a.m., Plaintiff was inside his home in Winchester, Clark County, Kentucky, where Plaintiff lived with other members of his family.

24.   Plaintiff was lawfully present, not under arrest and not the subject of any outstanding arrest warrant.

25.   Unknown to Plaintiff at the time, the Defendants appeared at Plaintiff's residence to execute a "knock and talk" request to search the property of Plaintiff's family in response to a telephone call from a third party that the third party had seen marijuana on the property.

26.   The day prior to this date, Plaintiff and his family members had viewed a photograph

4

from a trail camera of a masked intruder trespassing on the property.

27.    Without knowledge that the Defendant police officers were on the property or at the residence, Plaintiff walked outside his home through the rear entrance.

28.    Once outside, Plaintiff heard noises and turned to see Defendant Craycraft, who was unknown to Plaintiff, in the Plaintiff's backyard with a weapon drawn and pointed toward Plaintiff, and coming toward Plaintiff.

29.    Defendant Craycraft was not dressed in a police uniform and did not at that time identify himself to Plaintiff as a police officer.

30.    When confronted with the unknown armed man (Defendant Craycraft) in Plaintiff's backyard, Plaintiff pulled from his pocket a .25mm semi-automatic handgun and attempted to load a bullet into the chamber of the weapon but it jammed.   At that time, Defendant Craycraft yelled, "Gun!" Plaintiff, acting in self-defense in anticipation of serious bodily harm without knowledge that Craycraft was a police officer, then pointed the gun in Defendant Craycraft's direction in a low ready position.

31.    At this point, Plaintiff heard another unknown individual (now known to have been Defendant Mabry) yell, "Drop it, police!"   Plaintiff then attempted to lower his weapon but before he had an opportunity to do so, and nearly simultaneously with Defendant Mabry's words, "Drop it, Police," Defendant Mabry shot Plaintiff with a handgun.

32.    The bullet fired from Defendant Mabry's handgun struck Plaintiff in the chest and exited Plaintiff's back, striking Plaintiff's spine and shattering bone as it entered and exited Plaintiff's body.

33.    Plaintiff was then placed under arrest and airlifted to University of Kentucky Medical

5

Center where Plaintiff underwent surgery and treatment for eleven days before being transported to Clark County Regional Detention Center.

34.   Plaintiff was originally criminally charged with three counts of wanton endangerment, with subsequently filed charges of cultivation of marijuana, possession of marijuana and possession of drug paraphernalia.   On June 25, 2014, Plaintiff was acquitted by a jury in Clark Circuit Court of all charges except the misdemeanor charges of possession of marijuana and possession of drug paraphernalia which were not included in the original charges filed against the Plaintiff by the Defendants.

35.   At the time of the assault and battery upon Plaintiff by Defendant Mabry, the Defendants, Craycraft, Gurley and Puckett took no action to intervene on Plaintiff's behalf or to protect Plaintiff from Defendant Mabry in any way.

36.   Defendants Craycraft, Gurley and Puckett acted in conjunction with and in conspiracy with Defendant Mabry to violate Plaintiff's legal and constitutional rights,

37.   Defendants Mabry, Craycraft, Gurley and Puckett intentionally violated Plaintiff's constitutional and statutory rights to remain free of unlawful and unjustified contact and excessive force by Defendant Mabry, and Defendants Craycraft, Gurley and Puckett, despite their duties to enforce the law and prevent such actions by Mabry, and to arrest Mabry for such actions committed in their presence, purposely chose not to assist or protect Plaintiff and not to arrest or otherwise intervene against Defendant Mabry, all of which constitutes a deliberate indifference to the statutory and constitutional rights of Plaintiff.

38. Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff.

39.   Defendants' actions constitute unreasonable and excessive use of force, deprivation of liberty and punishment without due process of law.

40.   Upon information and belief, Defendants Kentucky State Police, City of Paris, Kentucky and Clark County, Kentucky have maintained a system of review of police conduct which is so untimely and cursory as to be ineffective as to permit and tolerate the unreasonable and excessive use of force, punishment and denial of constitutional rights by police officers.

41.   The acts, omissions, systemic flaws, policies and customs of Defendants Kentucky State Police, Clark County, Kentucky and City of Paris, Kentucky caused their respective police officers to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly and properly investigated, with the foreseeable consequence and result that officers are more likely to use excessive or unreasonable force and denial of rights against Plaintiff and others in the future.

42.   As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has been mentally and emotionally upset and physically injured, has suffered emotional and psychological harm, has suffered nightmares, headaches, depression, anxiety, sleeplessness, mental anguish and physical pain, and was forced to suffer pain and mental cruelty, was deprived of his physical liberty and was forced to incur medical expenses and will probably suffer and incur such in the future.

**Count I: Violation of constitutional rights under 42 U.S.C. 1983**

43.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 42.

44.   The intentional assault, battery, intentional infliction of emotional distress, unlawful

7

imprisonment and excessive use of physical force upon Plaintiff violated the rights of Plaintiff as guaranteed by the Fourth, Fifth and Eighth Amendments to the United States Constitution and such misconduct constituted a departure from the evolving standards of decency that mark the progress of a maturing society, exceeding the bounds of all human decency, where Defendants acted with intent to harm Plaintiff for which Defendants Mabry, Craycraft, Puckett and Gurley are individually liable and Defendants Kentucky State Police, Clark County, Kentucky, Berl Purdue and City of Paris, Kentucky are liable for tolerating such misconduct.

## Count II: Conspiracy to violate Civil Rights

45.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 42.

46.   Defendants Mabry, Craycraft, Gurley and Puckett conspired to violate Plaintiff's statutory and civil rights by acting in concert to physically and mentally abuse Plaintiff and to ignore the physical and mental abuse of the Plaintiff, and together creating an environment of intimidation and coercion, including the use of physical, mental and emotional abuse, all in violation of 42 U.S.C. 1983 and 42 U.S.C. 1985, for which Defendants, Mabry, Craycraft, Gurley and Puckett are individually liable.

47.   Defendants Mabry, Craycraft, Gurley and Puckett further conspired to violate Plaintiff's statutory and civil rights by acting in concert to intentionally file and pursue false criminal charges of wanton endangerment in the first degree against Plaintiff when the Defendants knew the allegations against the Plaintiff to be false and not supported in law or fact but nevertheless persisted in the prosecution of Plaintiff for such charges until the charges were ultimately dismissed when Plaintiff was acquitted of the charges in a trial by jury on June 25, 2014.

8

## Count III: Assault and Battery

48.   The Plaintiff hereby incorporates herein by reference the allegations in paragraphs 1 through 47.

49.   The physical aggression of Defendant Mabry toward Plaintiff, including the pointing of a loaded gun at Plaintiff and shooting of Plaintiff without lawful authority or consent of Plaintiff was without justification, was excessive and constitutes assault and battery for which Defendant Mabry is individually liable.

50.   The intentional physical abuse of Plaintiff by Defendant Mabry was committed with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff as a civilian in the public population.   Plaintiff is thus entitled to exemplary and punitive damages.

## Count IV: Intentional Infliction of Emotional Distress

51.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 50.

52.   The intentional physical abuse of Plaintiff by Defendants was committed in a manner that was extreme, outrageous and unjustified, and caused Plaintiff to suffer emotional distress for which Defendants Mabry, Craycraft, Gurley and Puckett are individually liable.

53.   The intentional physical, mental and psychological abuse of Plaintiff was unjustified and committed with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff.   Plaintiff is thus entitled to exemplary and punitive damages.

## Count V: Negligence

54.   Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 53.

55.   Defendants, Mabry, Craycraft, Gurley and Puckett, while acting as agents and employees of their respective employers in their capacity as police officers, owed a duty to Plaintiff to perform their police duties without the use of intimidation, coercion and physical abuse upon Plaintiff and without violating the constitutional and statutory rights of Plaintiff.   Defendants' use and allowance of physical and deadly force upon Plaintiff when Plaintiff had committed no criminal offense, and posed no legitimate or reasonably perceived threat of death or grievous bodily injury to Defendants or others but for the unreasonable, unlawful and wrongful trespass and escalation of events by the Defendants constitutes negligence for which Defendants Mabry, Craycraft, Gurley and Puckett are individually liable.

56.   As a proximate result of Defendants' negligence, Plaintiff has sustained permanent injuries and has incurred medical bills and other expenses and will incur such expenses in the future.   These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental and physical.

57.   At all times of during the incident of October 8, 2013, Defendants Craycraft and Mabry were acting within the course and scope of their respective employment as officers of Defendant Kentucky State Police and/or the Clark County Sheriff and/or Clark County, Kentucky.

58.   At all times of during the incident of October 8, 2013, Defendant Gurley was acting within the scope of his employment as a deputy officer of Defendant Clark County Kentucky and Defendant Perdue.

59.   At all times during the incident of October 8, 2013, Defendant Puckett was acting under color of state law within the course and scope of his employment by Defendant City of Paris,

10

Kentucky as a police officer of the Paris Police Department and/or acting under color of state law as an employee and special task force officer of the Kentucky State Police.

60.   Defendants Kentucky State Police, Clark County, Kentucky, City of Paris, Kentucky, Berl Perdue and Clark County, Kentucky are liable for compensatory damages under the doctrine of *respondeat superior* for the negligence of the individual Defendants committed within the scope of their employment for the respective employers.

### Count VI: Negligence

61.   Plaintiff herein incorporates by reference the allegations contained in paragraphs 1 through 60.

62.   Defendants Kentucky State Police, Clark County, Kentucky, Berl Perdue and City of Paris, Kentucky owed a duty to Plaintiff to train and supervise and otherwise control their police officers in the use of proper police procedures, including proper execution of "knock and talk" procedures and all legal limitations associated therewith, as well as restraint and prevention of coercion, intimidation, physical abuse, and violation of constitutional guarantees and other matters incidental to the exercise of police functions, including but not limited to unreasonable use of deadly and non-deadly force.

63.   Kentucky State Police, Clark County, Kentucky, Berl Perdue, and City of Paris, Kentucky failed to provide adequate training, supervision and control of Defendants, Mabry, Craycraft, Puckett and Gurley which failure constitutes negligence.

64.   As a direct and proximate result of the negligent failure to provide adequate training, supervision and control of Defendants, Mabry, Craycraft, Puckett and Gurley, Plaintiff has sustained physical pain and mental suffering, permanent injuries and medical expenses, and will

11

continue to incur medical bills and other expenses, as well as pain and suffering, in the future. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental and physical.

65.    The failure of Defendants Kentucky State Police, Clark County, Kentucky, Clark County Sheriff Berl Perdue, and City of Paris, Kentucky to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard of human life and the rights of private citizens, including Plaintiff, which has caused damage to Plaintiff for which he should recover monetary damages.

### Count VII: False Imprisonment

66.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 65.

67.    On October 8, 2013, Defendants Mabry, Craycraft, Gurley and Puckett wrongfully and unlawfully physically restrained Plaintiff, all without Plaintiff's consent, against Plaintiff's will and without legal right or justification for doing so.

68.    On October 8, 2013, Defendant Mabry, acting in conjunction and in concert with Defendants, Craycraft, Gurley and Puckett, wrongfully shot Plaintiff which constituted a physical restraint of Plaintiff's freedom, all without Plaintiff's consent, against Plaintiff's will and without legal right or justification for doing so, constituting a false imprisonment of Plaintiff.

69.    On October 8, 2013, after the shooting of Plaintiff, the Defendants, Mabry, Craycraft, Gurley and Puckett acted in concert with one another to effect a false arrest of Plaintiff for three separate counts of wanton endangerment of a police officer, all of which resulted in Plaintiff being hospitalized and subsequently incarcerated with the false imprisonment continuing from the moment Defendant was wrongfully confronted and shot in his back yard until his release from

police custody.

70.   The Defendants' actions in wrongfully and unlawfully physically restraining and holding Plaintiff prevented Plaintiff from moving freely and constituted false imprisonment of Plaintiff from the moment of Defendants' confronting Plaintiff in Plaintiff's back yard, continuing through the wrongful shooting of Plaintiff, and continuing through the wrongful and false arrest of Plaintiff on August 8, 2013, and continuing until Plaintiff was finally released from police custody, all of which directly and proximately resulted in severe physical pain and injury, mental anguish and humiliation to Plaintiff to date, well as medical expenses;   and Plaintiff will likely suffer such damages in the future, all of which constitute damages recoverable by Plaintiff from Defendants.

71.   The actions of the individual Defendants in committing the false imprisonment of the Plaintiff were committed in the course and scope of their employment with their respective employers who are also liable under the doctrine of *respondeat superior*.

### Count VIII:   Malicious Prosecution

72.   Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 71.

73.   After Plaintiff was wrongfully shot by Defendant Mabry on October 8, 2013, the Defendants, Craycraft, Mabry, Gurley and Puckett acted in concert to assert a false claim that Plaintiff had committed three separate criminal offenses of wanton endangerment in the first degree.

74.   The Defendants, Mabry, Craycraft, Gurley and Puckett continued and persisted in their false allegations against the Plaintiff that Plaintiff had committed acts constituting wanton endangerment throughout criminal proceedings in Clark District Court and Clark Circuit Court

13

until the Plaintiff was acquitted of all three wanton endangerment charges in a jury trial in Clark Circuit Court on June 25, 2014.

75.   Plaintiff alleges that the Defendants, Mabry, Craycraft, Gurley and Puckett created and persisted in the false allegations in an effort to falsely make Plaintiff appear as the instigator of the incident occurring October 8, 2013, and to make Plaintiff appear guilty of wanton endangerment so as to falsely justify the wrongful and unlawful actions taken by the Defendants which resulted in the Plaintiff being wrongfully shot and injured by the Defendants, all to deflect from Defendants responsibility for their wrongful and tortious conduct, and their wrongful deprivation of Plaintiff's constitutional right to be free of unlawful seizure under the 4th amendment to the United States Constitution and Section 10 of the Kentucky Constitution.

76.   Plaintiff alleges that the Defendants knowingly made false reports and statements in a malicious manner so as to institute and pursue false criminal charges against the Plaintiff without legal or factual basis, all of which constitutes a malicious prosecution of the Plaintiff by the Defendants.

77.   The actions of the individual Defendants in committing the malicious prosecution of the Plaintiff were committed in the course and scope of their employment with their respective employers who are also liable under the doctrine of *respondeat superior*.

**Count IX: Punitive Damages**

78.   The aforesaid wrongful acts of the Defendant police officers were committed with actual malice toward Plaintiff and with wilful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff as a civilian in the public population.   Plaintiff is thus entitled to exemplary and punitive damages.

**Count X: Compensatory Damages**

79.   As a direct and proximate result of the aforesaid wrongful conduct of the Defendants, the Plaintiff has suffered extreme physical pain, physical injury, humiliation, embarrassment and mental anguish to date and will likely suffer physical pain and mental anguish in the future for which he should recover damages from Defendants, jointly and severally.

80.   As a direct result of the aforesaid wrongful conduct of the Defendants, the Plaintiff has incurred medical expenses and will likely incur medical expenses in the future for which he should recover damages from the Defendants.

81.   As a direct and proximate result of the wrongful conduct of the Defendants, Plaintiff incurred attorney fees and legal expenses in the criminal defense of the charges of wanton endangerment 1st degree which the Plaintiff should recover from the Defendants as damages.

**Prayer For Relief**

**WHEREFORE**, Plaintiff, Joel D. Naselroad, requests the following relief:

1.   Award compensatory damages against the Defendants, jointly and severally, in an amount to be determined at trial, but not less than $ 5,000,000.00.

2.   Award exemplary and punitive damages against the Defendants, Mabry, Craycraft, Puckett and Gurley, jointly and severally, in favor of Plaintiff, in an amount to be determined at trial, but not less than $ 5,000,000.00.

3.   Costs of this action, including reasonable attorney's fees to the Plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. 1988 (1976);

4.   Such injunctive relief regarding future police training and policy implementation or enforcement as may be determined by the Court to be appropriate;

5.  Trial by jury; and

6.  Such other relief as Plaintiff may appear legally and properly entitled and as the interests of justice require.

/s/ R. Tucker Richardson, III
Baldani, Rowland & Richardson
300 W Short Street
Lexington, KY 40507
Telephone: (859) 259-0727
Email:  tucker@brr-law.com


Russell J. Baldani
Baldani, Rowland & Richardson
300 W Short Street
Lexington, KY 40507
Telephone: (859) 259-0727
Email:  russ@brr-law.com


Edward L. Cooley
258 South Limestone
Lexington KY 40508
Telephone: (859) 258-2697
Email:  elcooley@windstream.net

*Co-counsel for Plaintiff, Joel D. Naselroad*

16